# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| JOSE LUIS AGUILAR HERNANDEZ, | Case No. 1:26-cv-02294-JLT-SAB-HC |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITION FOR WRIT OF HABEAS CORPUS AND DIRECT RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER |
| v. | |
| CHRISTOPHER CHESTNUT, et al., | |
| Respondents. | |

Petitioner is an immigration detainee proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

Petitioner is a citizen of Mexico who arrived at the Calexico West Port of Entry via pedestrian turnstile on March 6, 2024. He was processed at the Immigration Benefits Office for admissibility secondary inspection where a CBP One appointment was found. As secondary interview and checks revealed Petitioner was not in possession of valid entry documents, he was "processed for Notice to Appear and paroled into the US pending a 240 hearing." (ECF No. 6 at 12.[1]) Petitioner was not under the supervision of Immigration and Customs Enforcement ("ICE") or the Intensive Supervision Appearance Program ("ISAP"). Petitioner's immigration court hearing originally scheduled for October 9, 2025 was later rescheduled for July 2026. (ECF No. 1 at 6; ECF No. 2-3 at 13, 15; ECF No. 2-4 at 7.) On January 22, 2026, ICE agents detained Petitioner while he was buying food during a lunch break from work. Petitioner was in a vehicle

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

when the agents pulled him over and handcuffed him. Although Petitioner informed the agents that he had permission to be in the United States and showed documents, the agents did not consider or review the information provided. (ECF No. 1 at 6; ECF No. 2-4 at 7.)

On March 24, 2026, Petitioner filed a petition for writ of habeas corpus and a motion for temporary restraining order ("TRO"). (ECF Nos. 1, 2.) The district judge denied the motion for TRO as untimely. (ECF No. 4.) On April 14, 2026, Respondents filed an answer, and Petitioner filed a traverse on April 21, 2026. (ECF Nos. 6, 7.)

## II.

## DISCUSSION

Petitioner asserts that his detention violates: (1) his Fifth Amendment right to due process; and (2) 8 U.S.C. § 1226(a) as a member of the Bond Eligible Class in Maldonado Bautista. (ECF No. 1 at 26–27.) Respondents argue that "petitioner does not appear to be a member of the class certified in *Maldonado Bautista v. Santacruz*, 5:25-cv-01873-SSS-BFM (C.D. Cal), because he is detained under 8 U.S.C. § 1225(b)(1)." (ECF No. 6 at 1.)

### A. Statutory Framework

An intricate statutory scheme governs the detention of noncitizens during removal proceedings and after a final removal order is issued. "Where an alien falls within this statutory scheme can affect whether his detention is mandatory or discretionary, as well as the kind of review process available to him if he wishes to contest the necessity of his detention." Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008).

"Four statutes grant the Government authority to detain noncitizens who have been placed in removal proceedings: 8 U.S.C. §§ 1225(b) ('Section 1225(b)'), 1226(a) ('Subsection A'), 1226(c) ('Subsection C'), and 1231(a) ('Section 1231(a)')." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023). "Subsection A is the default detention statute for noncitizens in removal proceedings and applies to noncitizens '[e]xcept as provided in [Subsection C].'"[2] Avilez, 69 F.4th at 529 (alterations in original) (quoting 8 U.S.C. § 1226(a)). "[D]etention under

---

[2] Subsection C, which is not at issue here, "provides for the detention of 'criminal aliens' and states that '[t]he Attorney General shall take into custody any alien who' is deportable or inadmissible based on a qualifying, enumerated offense." Avilez, 69 F.4th at 530 (alteration in original) (quoting 8 U.S.C. § 1226(c)).

Subsection A is discretionary" and "provides for release on bond or conditional parole." Avilez, 69 F.4th at 529. "When a person is apprehended under § 1226(a), an ICE officer makes the initial custody determination," and the noncitizen "will be released if he 'demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding.'" Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196 (9th Cir. 2022) (quoting 8 C.F.R. § 236.1(c)(8)).

"[A]n alien who 'arrives in the United States,' or 'is present' in this country but 'has not been admitted,' is treated as 'an applicant for admission.'" Jennings v. Rodriguez, 583 U.S. 281, 287 (2018) (quoting 8 U.S.C. § 1225(a)(1)). "Applicants for admission must 'be inspected by immigration officers' to ensure that they may be admitted into the country consistent with U.S. immigration law." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(a)(3)). "[A]pplicants for admission fall into one of two categories, those covered by § 1225(b)(1) and those covered by § 1225(b)(2)." Jennings, 583 U.S. at 287. "Both § 1225(b)(1) and § 1225(b)(2) authorize the detention of certain aliens." Id.

"Section 1225(b)(1) applies to aliens initially determined to be inadmissible due to fraud, misrepresentation, or lack of valid documentation. Section 1225(b)(1) also applies to certain other aliens designated by the Attorney General in his discretion." Jennings, 583 U.S. at 287 (citations omitted). "Aliens covered by § 1225(b)(1) are normally ordered removed 'without further hearing or review' pursuant to an expedited removal process." Id. (quoting 8 U.S.C. § 1225(b)(1)(A)(i)). "But if a § 1225(b)(1) alien 'indicates either an intention to apply for asylum ... or a fear of persecution,' then that alien is referred for an asylum interview." Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(A)(ii)). "If an immigration officer determines after that interview that the alien has a credible fear of persecution, 'the alien shall be detained for further consideration of the application for asylum.'" Jennings, 583 U.S. at 287 (quoting 8 U.S.C. § 1225(b)(1)(B)(ii)).

Section 1225(b)(2)(A) provides that "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a

proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A). Thus, "[a]ll applicants for admission who are not processed for expedited removal [pursuant to § 1225(b)(1)] are placed in regular removal proceedings under § 1225(b)(2)(A). That process generally entails a hearing before an immigration judge pursuant to § 1229a." Innovation Law Lab v. McAleenan, 924 F.3d 503, 507 (9th Cir. 2019).

"Regardless of which of those two sections authorizes their detention, applicants for admission may be temporarily released on parole 'for urgent humanitarian reasons or significant public benefit.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)) (citing 8 C.F.R. §§ 212.5(b), 235.3 (2017)). "Such parole, however, 'shall not be regarded as an admission of the alien.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)). "Instead, when the purpose of the parole has been served, 'the alien shall forthwith return or be returned to the custody from which he was paroled and thereafter his case shall continue to be dealt with in the same manner as that of any other applicant for admission to the United States.'" Jennings, 583 U.S. at 288 (quoting 8 U.S.C. § 1182(d)(5)(A)).

**B.  Applicability of 8 U.S.C. § 1225(b)(1)(A)**

Respondents assert that Petitioner is detained under 8 U.S.C. § 1225(b)(1). (ECF No. 6 at 2–5.) This Court has previously rejected a similar argument:

> Additionally, petitioner is not now subject to expedited removal, because she was paroled into the United States in 2022. Section 1225(b)(1), the expedited removal provision, applies to "an alien ... who is arriving in the United States or ... [a]n alien ... who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the alien has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility ...." 8 U.S.C. § 1225(b)(1)(A)(i), (iii)(II).

> As someone who has been physically present in the United States for over two years, petitioner is not "an alien ... who is arriving in the United States." *See Al Otro Lado v. Wolf*, 952 F.3d 999, 1012 (9th Cir. 2020) (explaining that a "person standing at the border is ... [at] the penultimate stage in the process of arriving in the United States" within the meaning of section 1225). And because petitioner was paroled pursuant to 8 U.S.C. § 1182(d)(5)(A), she is not an "alien ... who has not been admitted or paroled ...." *Id.* The Court agrees with other courts which have found that a noncitizen who has been paroled into the United States cannot later be subject to expedited removal, even if their parole has expired or been terminated. *See Coal. for Humane Immigrant Rts. v. Noem*, No. 25-CV-872 (JMC), 2025 WL 2192986, at *21–27 (D.D.C. Aug. 1, 2025); *N.Y.V.D. v. Santracruz*, No. 5:25-CV-03404-WLH-SP, 2025 WL 3786964, at *3 (C.D. Cal.

Dec. 23, 2025); *Aviles-Mena v. Kaiser*, No. 25-CV-06783-RFL, 2025 WL 2578215, at \*4–5 (N.D. Cal. Sept. 5, 2025).

Robles-Rodriguez v. Lyons, No. 1:25-CV-02001-KES-SAB (HC), 2026 WL 303482, at \*3–4 (E.D. Cal. Feb. 4, 2026). Likewise, here, Petitioner was paroled into the United States in March 2024 and therefore cannot later be subject to expedited removal. See Castellon v. Kaiser, No. 1:25-CV-00968 JLT EPG, 2025 WL 2373425, at \*4 (E.D. Cal. Aug. 14, 2025) ("*Coalition* concluded that the statute [8 U.S.C. § 1225(b)(1)(A)(iii)(II)] 'forbids the expedited removal of noncitizens who have been, at any point in time, paroled into the United States.'" (alteration added) (quoting Coal. for Humane Immigrant Rts. v. Noem, 805 F. Supp. 3d 48, 83 (D.D.C. 2025))); Garcia v. Andrews, No. 1:25-CV-01006 JLT SAB, 2025 WL 2420068, at \*5 (E.D. Cal. Aug. 21, 2025) ("This section [8 C.F.R. § 235.3(b)(1)(ii)] specifically precludes expedited removal as to any alien placed on parole."). Accordingly, the Court recommends finding that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(1)(A).

### C. Due Process

In Count One of the petition, Petitioner asserts that his ongoing detention without a pre-deprivation hearing violates due process. (ECF No. 1 at 26.) "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). "Even when the government has discretion to detain an individual, its subsequent decision to release the individual creates 'an implicit promise' that she will be re-detained only if she violates the conditions of her release." Garro Pinchi v. Noem, No. 25-CV-05632-PCP, --- F. Supp. 3d. ----, 2025 WL 3691938, at \*30 (N.D. Cal. Dec. 19, 2025) (citing Morrissey v. Brewer, 408 U.S. 471, 482 (1972)). "Other courts, including this Court, have held similarly." J.E.H.G. v. Chestnut, No. 1:25-cv-01673-JLT-SKO, 2025 WL 3523108, at \*10 (E.D. Cal. Dec. 9, 2025) (citing Doe v. Becerra, No. 2:25-CV-00647-DJC-DMC, 2025 WL 691664, at \*4 (E.D. Cal. Mar. 3, 2025)). "Accordingly, a noncitizen released from custody pending removal proceedings has a protected liberty interest in remaining out of custody." Salcedo Aceros v. Kaiser, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at \*6 (N.D. Cal. Sept. 12, 2025).

Respondents fail to contend with the liberty interest created by the fact that Petitioner was paroled into the United States. As Respondents have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions that have granted habeas relief in similar circumstances, the Court recommends finding that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment for the reasons set forth in Castellon v. Kaiser, No. 1:25-CV-00968 JLT EPG, 2025 WL 2373425 (E.D. Cal. Aug. 14, 2025), and Garcia v. Andrews, No. 1:25-CV-01006 JLT SAB, 2025 WL 2420068 (E.D. Cal. Aug. 21, 2025).

The Court now turns to whether a pre-deprivation or post-deprivation hearing is appropriate in this case.

The Supreme Court has held that "the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *See Zinermon v. Burch*, 494 U.S. 113, 127 (1990) (emphasis in original). However, the Court also recognized that there may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate. *Id.* at 128 (noting there may be "special case[s]" where a pre-deprivation hearing is impracticable); *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *9 (N.D. Cal. July 17, 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ"). The rapidly developing caselaw on this subject gives limited guidance as to where this line should be drawn. Some courts that have addressed detention-related habeas petitions brought by persons released with enhanced supervision conditions have required pre-deprivation process, but in somewhat different circumstances. In *E.A.T.-B. v. Wamsley*, No. C25-1192-KKE, 2025 WL 2402130, at *4 (W.D. Wash. Aug. 19, 2025), the district court ordered the release of a petitioner arrested by ICE immediately after appearing in immigration court. That court agreed with the petitioner that ICE's post hoc explanation that violations warranted his detention was pretextual, given that ICE first became aware of petitioner's alleged violations a few hours before his immigration hearing, DHS did not raise those violations at the hearing or argue the petitioner should be detained for any reason, and the petitioner was then provided multiple, inconsistent justifications for his arrest. *Id*. In *Arzate v. Andrews*, No. 1:25-CV-00942-KES-SKO (HC), 2025 WL 2230521, at *7 (E.D. Cal. Aug. 4, 2025), converted to preliminary injunction sub nom, 2025 WL 2411010, at *1 (E.D. Cal. Aug. 20, 2025), the court ordered immediate release of in immigration detainee who had been in compliance with his conditions of release, even though he had incurred a misdemeanor arrest while on parole, in part because no charges were ever filed.

In contrast, this Court ordered a parole revocation hearing in *Martinez Hernandez v. Andrews*, No. 1:25-CV-01035 JLT HBK, 2025 WL 2495767 (E.D. Cal. Aug. 28, 2025), where the petitioner's records indicated numerous violations. Though Martinez Hernandez offered explanations for the violations and there was a dispute of fact as to whether the violations occurred, ICE's reliance upon those violations was "not obviously pretexual." *Id*. at * 12 ("If Respondent's view of

6

the facts is correct, it is at least arguable that providing Petitioner with notice and a pre-deprivation hearing would have been impracticable and/or would have motivated his flight."). As this Court noted in *Martinez Hernandez*:

> In similar circumstances, courts have refused to release the petitioners but have ordered timely bond hearings. *Carballo v. Andrews*, No. 1:25-CV-00978-KES-EPG (HC), 2025 WL 2381464, at *8 (E.D. Cal. Aug. 15, 2025), citing *Perera v. Jennings*, et. al, No. 21-CV-04136-BLF, 2021 WL 2400981, at *5 (N.D. Cal. June 11, 2021); *Pham v. Becerra*, No. 23-CV-01288-CRB, 2023 WL 2744397, at *6 (N.D. Cal. Mar. 31, 2023). "[A]llowing a neutral arbiter to review the facts would significantly reduce the risk of erroneous deprivation." *Guillermo M. R. v. Kaiser*, No. 25-CV-05436-RFL, 2025 WL 1983677, at *8 (N.D. Cal. July 17, 2025). Thus, the Court concludes that prompt, post-deprivation process is required here.

*Id*.

J.E.H.G., 2025 WL 3523108, at *11–12.

Here, Respondents do not argue that Petitioner's re-detention was based on any violations or that Petitioner is now considered a flight risk or danger to the community. Accordingly, the Court recommends that a pre-deprivation hearing is appropriate based on the facts of this case, and that "the burden at any such hearing [be placed] on the government to demonstrate to a neutral decisionmaker by clear and convincing evidence that re-detention is necessary to prevent danger to the community or flight." J.E.H.G., 2025 WL 3523108, at *14 (citing Pinchi v. Noem, 792 F. Supp. 3d 1025, 2025 WL 2084921, at *7 (N.D. Cal. 2025)). See J.E.H.G., 2025 WL 3523108, at *14 ("[T]he immigrant's initial release reflected a determination by the government that the noncitizen is not a danger to the community or a flight risk. Since it is the government that initiated re-detention, it follows that the government should be required to bear the burden of providing a justification for the re-detention.").

## III.

## RECOMMENDATION

Based on the foregoing, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be GRANTED on Count One;

2. Respondents be directed to immediately release Petitioner without imposing any additional restrictions on him, such as electronic monitoring, unless that is determined to be necessary at a later custody hearing; and

7

3. Respondents be enjoined and restrained from re-detaining Petitioner unless the government provides notice to Petitioner a minimum of seven days in advance and holds a bond hearing before a neutral arbiter at which Petitioner's eligibility for bond must be considered, and where the government must demonstrate by clear and convincing evidence that Petitioner is a flight risk or danger to the community, such that physical custody is legally justified.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 13, 2026**

STANLEY A. BOONE
United States Magistrate Judge